UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN - 5 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| Anthony Brodzki, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  **12 0898** |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's complaint against the United States and his application to *proceed in forma pauperis*. The application will be granted and the case will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff, a resident of North Richland Hills, Texas, sues the United States for $50 million in damages alleging that the Justice Department was complicit in his being raped and tortured from 1968 to 1970. Plaintiff also seeks a temporary restraining order "to stop the justice department for privacy and torture and electronic torture occurring as retaliation." Compl. at 2 (page number supplied). He has provided no factual basis for granting such extraordinary relief.

A claim for monetary damages against the United States is cognizable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* Such a claim is maintainable, however, only after the plaintiff has exhausted administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is

jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996). Plaintiff has not indicated that he exhausted his administrative remedies under the FTCA. Therefore, this case will be dismissed.[1] *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."); *Brodzki v. United States of America*, Civ. Action No. 12-0164 (D.D.C. Jan. 31, 2012) (finding same). A separate Order accompanies this Memorandum Opinion.

                                                                 /s/
                                           United States District Judge

Date: May 21, 2012

---

[1] Plaintiff states that he is also "suing the justice department for not disclosing the names of the rapist . . . .," Compl. at 2, but he has not alleged that he requested records from the Department of Justice under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and was denied. A properly submitted FOIA request and the exhaustion of administrative remedies are prerequisites to obtaining judicial review of an agency's denial of records. *See Hidalgo v. Federal Bureau of Investigation*, 344 F.3d 1256, 1258-60 (D.C. Cir. 2004); *Oglesby v. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990).